**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-6719**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN RICO ROSEMOND,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-02-435; CA-05-380-6)

───────────

Submitted:  July 31, 2006          Decided:  August 17, 2006

───────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Calvin Rico Rosemond, Appellant Pro Se.  Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin Rico Rosemond seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Rosemond has not made the requisite showing. Accordingly, we deny Rosemond's motion for a certificate of appealability and dismiss the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

*We decline to consider those claims Rosemond asserts for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

2